# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20342
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2016

Lyle W. Cayce
Clerk

CHARLES WHATLEY,

Plaintiff - Appellant

v.

A. CROSS; LARRY MELTON; JERRY WAXLER; MONTGOMERY COUNTY, TEXAS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-13-CV-3735

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Charles Whatley appeals the district court's final judgment dismissing his case with prejudice against Defendants-Appellees A. Cross, Larry Melton, and Montgomery County, Texas (collectively, the "State Defendants") and Jerry Waxler. Briefly, Whatley claims Waxler filed a knowingly false police report concerning two allegedly harassing text messages

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20342

he claims Whatley sent him. Whatley also claims the State Defendants relied on the false report in arresting Whatley even though they knew it to be false. The arrest caused Whatley to lose his job in private security at an airport even though he was later acquitted for lack of evidence.

Whatley filed suit asserting claims against the State Defendants under 42 U.S.C. § 1983 for violations of his constitutional rights, as well as state law claims against all the defendants under a number of theories, including conspiracy. Early in the proceeding, the district court dismissed Defendant-Appellee Montgomery County, Texas, under Fed. R. Civ. P. 12(b)(6) because Whatley had failed to allege facts showing any official policy that resulted in the violation of his rights. Whatley does not challenge that dismissal on appeal.

Defendants-Appellants next filed a motion for summary judgment seeking dismissal of Whatley's remaining claims. The district court granted the motion in full in a detailed memorandum and order taking into account the applicable law and the summary judgment record. The district court concluded that Whatley's § 1983 claims must fail (a) against Waxler because he was not a state actor, and (b) against the State Defendants because Whatley "failed to present competent summary judgment evidence supporting his argument that Defendants Cross and Melton lacked probable cause, or that a reasonable officer in their position could not have concluded that probable cause existed."[1] Having dismissed all the federal claims, the district court opted to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state law claims, dismissing them for similar reasons. Relevant to this appeal, the district court dismissed the state law conspiracy claim because Whatley failed to present any competent evidence of an agreement between the parties.

---

[1] *Whatley v. Cross*, No. H-13-3735, slip op. at 21 (S.D. Tex. May 22, 2015).

No. 15-20342

The district court entered a final judgment dismissing all of Whatley's claims with prejudice. Whatley appealed, arguing, among other things, that the summary judgment evidence was sufficient to negate probable cause and to support his conspiracy claim. Although his original brief on appeal also discussed other claims, in his reply brief he expressly waived all of his state law claims (including abuse of process, malicious prosecution, and assault and/or battery) except for conspiracy. Accordingly, the only claims at issue on appeal are the federal law claims and the state law conspiracy claim.

On de novo review, applying the same Rule 56 standards as the district court,[2] we reach the same conclusions as the district court. Even if Waxler, a non-state actor (and thus not subject to a § 1983 action), made a false complaint (a point we do not reach), Whatley has presented no competent evidence that the State Defendants knew it was false, or that probable cause was otherwise lacking. Accordingly, from the perspective of the State Defendants, we conclude that probable cause existed. Similarly, there is no evidence of any conspiracy between the parties. Although there might conceivably be some state law basis for imposing liability on Waxler if, in fact, he filed a knowingly false complaint against Whatley, no such claim is before us now. Thus, as to the claims at issue on appeal, we affirm the final judgment of the district court essentially for the reasons set out in its memorandum and order.

AFFIRMED.

---

[2] *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007).